# UNITED STATES DISTRICT COURT

### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Ashleigh M. Steever )<br>    *Plaintiff* )<br>    )<br>v. )<br>    )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    251 Little Falls Drive )<br>    Wilmington, DE 19808 )<br>    )<br>Javitch Block LLC )<br>    *Defendant* )<br>Serve: )<br>    Registered Agent Solutions, Inc. )<br>    828 Lane Allen Road, Suite 219 )<br>    Lexington, KY 40504 ) | Case No.   3:24-cv-556-RGJ |

# CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    This is an action and proposed class action by Plaintiff Ashleigh M. Steever as an individual Kentucky consumer and also as the proposed class representative on behalf of classes of similarly situated Kentucky consumers against Defendants Portfolio Recovery Associates, LLC and Javitch Block LLC (jointly "Defendants") for their joint and several knowing, willful, unfair and thus unconscionable violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, by Defendants' joint and several knowing, willful, unfair, and abusive collection of funds via garnishments which exceed the amount of the judgments against Plaintiff and the members of the classes.

Plaintiff individually seeks her individual actual damages, statutory damages, court costs and attorney fees against Defendants jointly and severally. Plaintiff also seeks to be appointed as class representative to represent and seek the actual damages, statutory damages, court costs and attorney fees on behalf of proposed classes of Kentucky citizen consumers similarly situated as Plaintiff who have been mistreated by Defendants in like fashion as Plaintiff.

## JURISDICTION and VENUE

2.      Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Spencer County, Kentucky, which is located within this District.

## PARTIES

3.      Plaintiff Ashleigh M. Steever is a natural person who resides in Spencer County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company not registered to do business with the Kentucky Secretary of State engaged in the business of purchasing debts from creditors and collecting these debts in this state. PRA's primary place of business is located at 120 Corporate Drive, Norfolk, VA 23541.

5.      PRA ("PRA") is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6.      Defendant Javitch Block LLC ("Javitch Block") is a Ohio law firm and limited liability company engaged *inter alia* in the business of collecting debts on behalf of others, such as Defendant PRA, whose principal place of business is located at 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114.

7.      Javitch Block is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

8.      On August 2, 2017, Defendant PRA filed a lawsuit against Plaintiff Steever in the case of *Portfolio Recovery Associates, LLC v. Ashleigh M. Steever*, Spencer District Court, Case No. 17-C-00172 (the "State Court Lawsuit").

9.      The State Court Lawsuit sought to collect a debt from Ms. Steever originally owed to Capital One Bank (USA), N.A. ("Capital One").

10.     Ms. Steever used the Capital One account at the basis of the State Court Lawsuit

for personal, family and/or household purposes, making the debt that arose out of the Capital One account a "debt" within the meaning of the FDCPA.

11.     On September 22, 2017, PRA moved for default judgment in the State Court Lawsuit, and on October 9, 2017, the Spencer District Court granted the motion and entered a default judgment against Ms. Steever (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "A."

12.     The Default Judgment awarded PRA a principal sum of $1,248.01, with no pre-judgment or post-judgment interest or attorney's fees.

13.     On October 30, 2017, PRA filed a Bill of Costs pursuant to Ky. R. Civ. P. 54.04 and KRS 453.040 (the "Bill of Costs") which itemized total costs of $133.50. A true and accurate copy of the Bill of Costs is attached as Exhibit "B."

14.     Ms. Steever did not object to the Bill of Costs, and on November 3, 2017 the clerk of the Spencer District Court endorsed $133.50 of costs due on the face of the Default Judgment. *See* Exhibit "A."

15.     Thus, as of November 3, 2017, the total amount of the Default Judgment was fixed at $1,381.51 ($1,248.01 principal + $133.50 costs) and did not increase over time, since the judgment did not award interest of any kind to PRA.

16.     The docket for the State Court Lawsuit reflects no further action in the case until September 14, 2023, when attorneys of Defendant law firm Javitch Block LLC ("Javitch Block") appeared in the case and substituted as counsel for PRA.

17.     On November 15, 2023 and March 18, 2024, Javitch Block, on behalf of PRA, filed and served two wage garnishments in an attempt to collect the Default Judgment (the "First and Second Garnishments"), neither of which attached any wages belonging to Ms. Steever.

18.     On May 10, 2024, Javitch Block on behalf of PRA filed a third wage garnishment in an attempt to collect the Default Judgment (the "Third Garnishment") and served the garnishment on Ms. Steever's employer. A true and accurate copy of the Third Garnishment is attached as Exhibit "C."

19.     The Third Garnishment stated the amount due and owing on the Default Judgment as follows:

**JUDGMENT CREDITOR:**   ASSOCIATED LLC,

**Amount Due: $**   1,298.71

**Probable Court Costs: $**   75.00

**Judgment Date:**   OCTOBER 9, 2017

20.     The "Amount Due of $1,248.01 represents the principal amount of the Default Judgment, and the "Probable Court Costs" of $75.00 represents, upon information and belief, PRA's costs expended in filing and serving the First and Second Garnishments and the Third Garnishment.

21.     By virtue of omitting the court costs of $133.50 endorsed on the Default Judgment on November 3, 2017 in the amounts due and owing stated in the Third Garnishment, PRA and Javitch Block affirmatively waived their right to recover those court costs.

22.     Ms. Steever's employer received service of the Third Garnishment, and beginning on May 31, 2024, her employer began to remit funds to Javitch Block in response to the garnishment.

23.     By June 28, 2024, Ms. Steever's employer had remitted a total of $1,973.72 to Javitch Block on behalf of PRA in response to the Third Garnishment, which amount exceeded the amount stated due and owing on the Third Garnishment by $650.71 ($1,973.72 - $1,248.01 principal - $75.00 "probable court costs").[1]

24.     On July 3, 2024, Javitch Block on behalf of PRA tendered a proposed Order of Satisfaction of the Default Judgment to the Spencer District Court, and on July 8, 2024, the court entered the tendered Order of Satisfaction (the "Satisfaction"). A true and accurate copy of the Satisfaction is attached as Exhibit "D."

25.     However, to date neither Javitch Block nor PRA has tendered an order of release of the Third Garnishment to the Spencer District Court, and thus the Spencer District Court has not entered an order releasing the Third Garnishment.

26.     As a result of having never received an entered order of release of the Third Garnishment, Ms. Steever's employer continued to remit funds to Javitch Block on PRA's behalf

---

[1] Should it prove that PRA and Javitch Block were entitled to receive the $133.50 in court costs endorsed on the Default Judgment on November 3, 2017, the amount of $1,973.72 remitted by Ms. Steever's employer to Javitch Block as of June 28, 2024 exceeded the total amount due and owing on the Default Judgment by $517.21.

in response to the Third Garnishment after June 28, 2024 as follows:

| Remittance Date | Amount |
|---|---|
| July 12, 2024 | $661.92 |
| July 26, 2024 | $661.91 |
| August 9, 2024 | $661.92 |

27.    Between July 5, 2024 and July 31, 2024, Javitch Block issued three checks directly to Ms. Steever to refund excess funds it had received from her employer in response to the Third Garnishment as follows:

| Check Date | Amount |
|---|---|
| July 5, 2024 | $660.71 |
| July 29, 2024 | $661.92 |
| July 31, 2024 | $661.91 |

28.    As of August 9, 2024, Ms. Steever's employer had remitted a total of $3,959.47 to Javitch Block on behalf of PRA in response to the (still unreleased) Third Garnishment, of which Javitch Block and PRA have to date refunded $1,984.54. This amount exceeds the amount stated as due and owing in the Third Garnishment by $661.53 ($1,984.54 - $1,248.01 principal - $75.00 "probable court costs").[2]

29.    Since August 9, 2024, Ms. Steever has contacted Javitch Block on numerous occasions in an attempt to obtain the remaining amounts of her garnished wages that Javitch Block and PRA are retaining in excess of what was awarded to PRA in the Default Judgment, all to no avail.

30.    As of this Complaint, PRA and Javitch Block have not released the Third Garnishment and continue to retain funds garnished from Ms. Steever's wages significantly in excess of the amounts due and owing to PRA under the Default Judgment.

31.    The still-unreleased Third Garnishment continues to create a lien on Ms. Steever's wages as long as it remains unreleased. KRS 425.506(1) ("An order of garnishment of earnings…*shall create a lien on all nonexempt earnings* earned during the pay period in which the order is served on the employer *and during those succeeding pay periods which may be designated by the order*") (emphasis added).

32.    Neither the Third Garnishment, nor any other subsequent order of the Spencer

---

[2] Again, even if PRA and Javitch Block were entitled to receive the $133.50 in court costs endorsed on the Default Judgment on November 3, 2017, the amount of garnished funds retained by Javitch Block and PRA exceeds the total amount due and owing on the Default Judgment by $528.03.

District Court, limits the number of pay periods to which the Third Garnishment shall apply or otherwise states that the garnishment order will expire on a date certain, making the lien on Ms. Steever's wages created by the Third Garnishment ongoing and continuing.

33.     Regardless of whether Ms. Steever's employer remitted any funds to Javitch Block or PRA after August 9, 2024, the Third Garnishment continued, and continues, to create a lien and encumbrance upon all earnings Ms. Steever has earned since August 9, 2024.

34.     PRA and Javitch Block have jointly and severally caused Ms. Steever to incur actual damages in the form of amounts garnished from her pay by means of the Third Garnishment in excess of that awarded by the Default Judgment, loss of time Ms. Steever incurred in attempting to obtain a refund of excess funds from PRA and/or Javitch Block, and loss of use of her contractually earned wages.

35.     PRA and Javitch Block jointly and severally violated multiple sections of the federal FDCPA statute by *inter alia* collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by failing to release the Third Garnishment and thereby maintaining an invalid lien on Ms. Steever's wages, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

36.     PRA and Javitch Block have, within the past year prior to the filing of this Complaint, collected and retained funds from numerous Kentucky consumers by means of garnishments of their wages or bank accounts in excess of amounts awarded to the judgment creditor in a judgment against the consumer.

## INDIVIDUAL CLAIMS FOR RELIEF

37.     The foregoing acts and omissions of Defendants Portfolio Recovery Associates, LLC ("PRA") and Javitch Block, LLC ("Javitch Block") as to Plaintiff Ashleigh M. Steever individually constitute violations of the FDCPA which violations include, but are not limited to:

A.  **Violation of 15 U.S.C. §1692e** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thereby using false, deceptive, or misleading representation or means in connection with collection of a debt;

B.  **Violation of 15 U.S.C. §1692e(2)(A)** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thereby falsely representing the status of her debt;

C. **Violation of 15 U.S.C. §1692e(5)** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thus taking an action against Plaintiff that it could not legally take in an attempt to collect a debt;

D. **Violation of 15 U.S.C. §1692e(10)** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thus using a false representation or deceptive means to attempt to collect a debt;

E. **Violation of 15 U.S.C. §1692f** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thereby using unfair or unconscionable means to attempt to collect a debt;

F. **Violation of 15 U.S.C. §1692f(1)** by collecting funds from Ms. Steever's wages in excess of amounts awarded to PRA in the Default Judgment, and by maintaining an invalid lien upon Ms. Steever's wages, thereby collecting amounts not expressly authorized by the agreement creating the debt or permitted by law.

## CLASS ALLEGATIONS

38.     Plaintiff Ashleigh M. Steever incorporates all paragraphs pleaded *supra* as if fully restated and set out hereinafter.

39.     Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants Portfolio Recovery Associates, LLC ("PRA") and Javitch Block, LLC ("Javitch Block") jointly and severally, on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASS I**

40.     All Kentucky persons/consumers:

A.     Against whom PRA obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky; and

B.     Within the past one (1) year prior to the filing of this Complaint, PRA collected funds from the consumer by means of one or more wage or non-wage garnishments

which exceeded the amounts awarded to PRA in the judgment against the consumer; and

C.      PRA has not, as of the date of this Complaint, refunded the excess funds collected by means of the garnishment(s) to the consumer.

## CLASS II

41.     All Kentucky persons/consumers:

A.      Against whom a judgment creditor obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky awarding the judgment creditor amounts related to a "debt" within the meaning of the FDCPA; and

B.      Within the past one (1) year prior to the filing of this Complaint, Javitch Block, as counsel for the judgment creditor, collected funds from the consumer by means of one or more wage or non-wage garnishments which exceeded the amounts awarded to the judgment creditor in the judgment against the consumer; and

C.      Javitch Block has not, as of the date of this Complaint, refunded the excess funds collected by means of the garnishment(s) to the consumer.

42.     The proposed Classes as set out *supra* and represented by Plaintiff Ashleigh M. Steever in this action, of which she herself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

43.     Plaintiff's claims are typical of the claims of the proposed Classes as set out supra.

44.     There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

45.     There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

46.     Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

47.     Plaintiff's attorney is experienced and capable in the field of consumer rights,

including violations of the FDCPA, the KCPA, and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

48.     Plaintiff's attorney has successfully represented other claimants in similar litigation.

49.     The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

50.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

51.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

52.     The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

53.     Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ashleigh M. Steever requests that the Court grant her and all members of each of the Classes relief as follows:

1.     Award Plaintiff and all members of the Classes the maximum statutory damages pursuant to 15 U.S.C. §1692k for Defendants' joint and several violations of the FDCPA;

2.      Award Plaintiff and all members of the Classes their actual damages for Defendants' joint and several violations of the FDCPA and order disgorgement by Defendants of all such actual damages;

3.      Award Plaintiff and all members of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA;

4.      Order that Defendants disgorge all amounts improperly collected from all members of the Classes;

5.      A trial by jury; and

6.      Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com